IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JAMES R. ADAMS,**

**Plaintiff,**

**v.**

**JO ANNE BARNHART**
**COMMISSIONER OF**
**SOCIAL SECURITY,**

**Defendants.**                                                      **No. 05-CV-0817-DRH**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

On November 14, 2005, James Adams filed suit against the Commissioner of Social Security, for judicial review of an administrative agency's decision (Doc. 1). Specifically, pursuant to **42 U.S.C. § 405(g)**, Adams seeks judicial review of the Commissioner's decision to deny him disability insurance benefits and supplemental social security benefits. Now before the Court is Adams' motion to proceed *in forma pauperis* (Doc. 2). Because the Court finds that Adams is indigent, the Court grants the motion.

By granting a motion for pauper status, a court authorizes a lawsuit to proceed without prepayment of fees. For many years, federal district courts granted such motions if the movant was indigent and the complaint was neither frivolous nor malicious. **28 U.S.C. § 1915**. The Prison Litigation Reform Act ("PLRA"), significantly changed the district court's responsibilities in reviewing *pro se* complaints and *in forma pauperis* motions. The Seventh Circuit has clarified that the PLRA "changed § 1915 not only for

cases brought by prisoners, but in some respect for all indigent litigants." **Hutchinson v. Spink**, 126 F.3d 895, 899 (7th Cir. 1997). Under the PLRA, the Court must screen any indigent's complaint (those filed by prisoners and non-prisoners alike) and dismiss the complaint if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief. **28 U.S.C. § 1915(e)(2)**.

Adams' motion survives **§ 1915(e)(2)** review. Adams furnished an affidavit documenting his poverty. The action appears to be neither frivolous nor malicious. At this point, the Court cannot conclude that the complaint fails to state a claim or that the named defendant is immune from suit.

Accordingly, the Court **GRANTS** Adams' application to proceed *in forma pauperis* (Doc. 2). If a summons is to be issued, Adams' attorney will prepare the summons and the USM-285 forms for Defendant, the United States Attorney and the Attorney General and forward these documents to the Clerk of the Court for issuance. Once a summons, if any, is issued, the Court **DIRECTS** the United States Marshal to obtain service on same. Costs of service shall be borne by the United States of America.

**IT IS SO ORDERED.**

Signed this 22nd day of November, 2005.

/s/       David RHerndon
United States District Judge