IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JAMES R. ADAMS**

**Plaintiff,**

**v.**

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

**Defendant.**                                              **No. 05-CV-0817-DRH**

### MEMORANDUM and ORDER

**HERNDON, District Judge:**

On November 14, 2005, James R. Adams filed suit against the Commissioner of Social Security, for judicial review of an administrative agency's decision (Doc. 1). Specifically, pursuant to **42 U.S.C. § 405(g)**, Adams seeks judicial review of the Commissioner's decision to deny him disability insurance benefits and supplemental social security benefits. He was denied benefits following an administrative determination that Adams was not disabled.

On January 2, 2007, pursuant to **28 U.S.C. § 636(b)(1)(B)**, Magistrate Judge Philip M. Frazier submitted a Report and Recommendation ("the Report") (Doc. 24). The Report recommends that the Court grant Adams' motion for summary judgment (Doc. 14). Specifically, the Report suggests that the Court reverse and remand for further proceedings the Commissioner's final decision denying James R. Adams' July 2003 applications for disability benefits and

supplemental security income. The Report was sent to the parties with a notice informing them of their right to appeal by way of filing "objections" within ten days of service of the Report. To date, none of the parties has filed objections. The period in which to file objections has expired. Therefore, pursuant to **28 U.S.C. § 636(b)**, this Court need not conduct *de novo* review. ***Thomas v. Arn*, 474 U.S. 140, 149-52 (1985)**.

Accordingly, the Court **ADOPTS** the Report (Doc. 24). The Court **GRANTS** Adams' motion for summary judgment (Doc. 14). The Court **REVERSES** and **REMANDS** the Commissioner's final decision denying James R. Adams' July 2003 applications for benefits and supplemental security income. On remand, the ALJ should reevaluate Adams' residual functional capacity and issue a new decision. The ALJ should consider the extent to which Adams' ailments restrict his ability to perform the strength demands required for sedentary work and consider whether Adam could perform those demands on a regular continuing basis.

**IT IS SO ORDERED.**

Signed this 24th day of January, 2007.

/s/       David   RHerndon
**United States District Judge**