IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMES R. ADAMS

**Plaintiff,**

v.

MICHAEL J. ASTRUE,
**Commissioner of Social Security,**

**Defendant.**                                                     No. 05-CV-0817-DRH

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

### I. Introduction and Background

Now before the Court is Plaintiff's application for attorneys' fees under the Equal Access to Justice and for the entry of Final Judgment Order (Doc. 26). Defendant opposes the motion (Doc. 27). Based on the following, the Court **GRANTS** the motion.

### II. Analysis

Plaintiff's counsel brings this action for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. Section 2412, in relevant part, states,

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought

by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

**28 U.S.C. § 2412 (d)(1)(A)**.

Attorney's fees can appropriately be awarded according to the EAJA. The EAJA "mandates an award of attorney's fees to a 'prevailing party' in a civil action against the United States where the government's position was not 'substantially justified,' no 'special circumstances' make an award unjust, and the fee application is submitted to the court within 30 days of final judgment." *Koschnitzke v. Barnhart*, **293 F. Supp. 2d 943, 946 (E.D. Wis. 2003)(citing 28 U.S.C. § 2412 (d)(1) and** *United States v. Hallmark Const. Co.*, **200 F.3d 1076, 1078-79 (7th Cir. 2000))**.

Here, Adams is a "prevailing party" under the applicable case law. The Court in *Uphill v. Barnhart*, stated, "Because [the Court] reversed and remanded the Commissioner's decision under sentence four of § 405(g), plaintiff was the "prevailing party." *Uphill v. Barnhart*, **271 F. Supp. 2d 1086, 1090 (E.D. Wis. 2003)(citing** *Shalala v. Schaefer*, **509 U.S. 292, 302 (1993)(explaining a remand under sentence four of 42 U.S.C. § 405(g) awards a plaintiff "prevailing party" status)**. Sentence four of section 405(g) states, "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." **42 U.S.C. § 405(g)**. In the case at

bar, the court reversed and remanded the case back to the Commissioner, under sentence four of section 405(g). On remand, the Commissioner is to evaluate Plaintiff's residual functional capacity, the extent to which Plaintiff is restricted by strength demands required for sedentary work and the extent to which Plaintiff could perform sedentary work on a regular and continuing basis.

Thus, the Government has the burden of showing that the decision was "substantially justified." **Koschnitzke, 293 F. Supp. 2d at 946-47(citing Cummings v. Sullivan, 950 F.2d 492, 495 (7th Cir, 1991); Pierce v. Underwood, 487 U.S. 552, 565 (1988))**. The position of the United States includes the action of the agency leading to the litigation. **28 U.S.C. § 2412(d)(2)(D)**. In **Koschnitzke**, the Court stated a position is substantially justified if it is "'justified in substance or in the main'-that is, justified to a degree that could satisfy a reasonable person. The position need not be 'justified to a high degree,' but it must be 'more than merely undeserving of sanctions for frivolousness'" **Id. at 947(citing Pierce, 487 U.S. at 565-556)**.

The Seventh Circuit and other Courts have further explained that the District Court should make one determination regarding the sufficiency of the Government's justifications, in **Marcus v. Shalala**, the Court explained,

> In making th[e] determination, it is appropriate for the district court to consider the government's litigating position as well as its prelitigation conduct-the action or inaction that gave rise to the litigation. EAJA fees may be awarded if either the government's prelitigation conduct or its litigation position are not substantially justified. However, the district court is to make only one determination for the entire civil action. Thus,

> fees may be awarded in cases where the government's prelitigation conduct was not substantially justified even though its litigating position may have been substantially justified and vice versa. In other words, the fact that the government's litigating position was substantially justified does not necessarily offset prelitigation conduct that was without a reasonable basis.

***Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994)(citing *Cummings,* 950 F.2d at 496; *Commissioner, INS v. Jean,* 496 U.S. 154, 159 (1990); *McDonald v. Secretary of Health and Human Services,* 884 F.2d 1468, 1476 (1st Cir.1989))**.

In the case at bar, the Court did agree with the Commissioner on several points. The Court did not believe that the Commissioner interjected personal opinions in place of doctors' diagnosis. The Court did not "reweigh" individuals testimony. In addition, the Court found that the ALJ's credibility assessment was not "patently wrong." The ALJ did consider factual information and medical evidence in arriving at a decision regarding the denial of Plaintiff's disability status. However, the ALJ did not separately consider the extent of the Plaintiff's impairments on his ability to perform sedentary work. The Court reversed and remanded the ALJ's decision because the ALJ did not consider all of Plaintiff's limitations and the effect Plaintiff's limitations may have on his ability to find gainful employment. The Commissioner must evaluate five factors before determining if a claimant is disabled: (1) whether the claimant is currently employed, (2) whether the claimant has a severe impairment, (3) whether the impairment meets or equals one listed by the Commissioner, (4) whether the claimant can perform his or her past

work, and (5) whether the claimant is capable of performing any work in the national economy. ***Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000)**. The ALJ did not determine the effect that Plaintiff's aliments had on his ability to complete sedentary work. In addition, the ALJ did not evaluate the Plaintiff's ability to function in a competitive workforce. Evidence supports the conclusion that not all of the ALJ's determinations of Plaintiff's disabilities were "substantially justified." The Seventh Circuit has previously stated, "The district court is to make only one determination for the entire civil action." ***Marcus v. Shalala*, 17 F.3d at 1036**. Therefore, the Court could decide that the ALJ's determination, that Plaintiff was not disabled, was not "substantially justified."

Next, the Commissioner objects to Plaintiff's counsel's fees, claiming the fees are excessive. According to the EAJA, attorney's fees shall not be awarded in excess of $125 dollars per hour unless the Court determines that an increase in the cost of living or other special factors exist (limited availability of qualified attorneys for the involved proceedings, justifies higher fees). **28 U.S.C. § 2412(d)(2)(A)**. Plaintiff's counsel states that his fees are reasonable and the hours attributed to the work preformed are reasonable (if not extremely efficient). Plaintiff's formulation states an hourly rate of 156.25 dollars in 2005 and an hourly rate of 160 dollars in 2006 and 2007. In addition, Plaintiff bills-out his paralegal at 100-dollars per hour (the Court notes that this paralegal does have a law degree). Plaintiff breaks down his fee calculations to include 1.0 attorney hour in 2005 (billed at $156.25/hr.), 6.5

attorney hours in 2006 and 2.0 attorney hours in 2007 (each billed at $160/hr.) and 23.85 paralegal hours (billed at $100/hr.).  Thus, the total bill that Plaintiff's counsel has submitted is $3,901.25.

Plaintiff urges the Court to use the standard of living increase related to the Consumer Price Index of the Chicago area, because Plaintiff's council's offices are in Chicago. Commissioner, however, requests the Court to use the standard of living increase on the Consumer Price Index for the Southern District of Illinois because of the jurisdiction of this Court.  The Commissioner's fee adjustments provided for an hourly rate of $149.48 in 2005 and an hourly rate of $152.13 in 2006 and 2007. Further, the Commissioner contests the 100-dollar hourly rate that counsel bills for his paralegal.

Based on the record, the Court finds that it is proper to use the standard of living increase related to the Consumer Price Index of Chicago, as that is where Plaintiff's counsel practices law.  In fact, the Court finds that Plaintiff's counsel's fees are not excessive and in fact are reasonable.

### III.  Conclusion

Accordingly, the Court **GRANTS** Plaintiff's application for attorneys' fees under the Equal Access to Justice and for the entry of Final Judgment Order (Doc. 26).  The Court **AWARDS** Plaintiff attorney fees in the amount of $3,901.25.  The Commissioner of the Social Security Administration shall make this award payable to David A Bryant, Plaintiff's attorney.  Further, the Court **ORDERS** the Clerk of the

Court to enter judgment reflecting the same.

**IT IS SO ORDERED.**

Signed this 16th day of August, 2007.

/s/        David   RHerndon<br>**United States District Judge**